**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES HERMANUS RAUW, | No. 07-73613 |
| Petitioner, | Agency No. A096-356-443 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

James Hermanus Rauw, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KN/Research

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Substantial evidence supports the agency's conclusion that Rauw failed to establish the extortion and occupation of his house in Indonesia were motivated, even in part, on account of a protected ground, *see Ochoa v. Gonzales*, 406 F.3d 1166, 1171-72 (9th Cir. 2005), and he failed to demonstrate the other incidents rose to the level of persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003). Substantial evidence also supports the agency's finding that Rauw does not have a well-founded fear of future persecution because, even if Rauw was a member of a disfavored group, he failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Lastly, substantial evidence supports the agency's finding that Rauw's trips outside of the country and willingness to return to Indonesia undermined his well-founded fear of persecution. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000) (presumption of a nationwide threat of persecution rebutted when petitioner made three return trips).

Because Rauw did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because petitioner failed to establish that it is more likely than not he will be tortured in Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**